```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF GEORGIA
                    MACON DIVISION

CHARLES EDWARD SNELL,            )
                                 )
         Plaintiff,              )
                                 )
    v.                           ) CIVIL ACTION FILE NO.
                                 ) 5:08-CV-311(HL)
STEVE ROBERTS, et al.,           )
                                 )
         Defendants.             )
```

### DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS

COME NOW, Defendants Steve Roberts, Warden, Washington State Prison ("WSP"); Sue Mickens, WSP's Deputy Warden of Care and Treatment; James H. Taylor, WSP's Health Services Administrator; and Dr. Michael L. Rogers, WSP's Medical Director, in the above-styled action, by and through counsel, Thurbert Baker, Attorney General for the State of Georgia, pursuant to Fed.R.Civ.P. 12(b)(6), and move this Court to dismiss this action by showing the Court the following:

### I.   STATEMENT OF FACTS

**A.   <u>Statement of the Case</u>.**

Inmate Charles Edward Snell, currently incarcerated at WSP, filed this 42 U.S.C. § 1983 action against the Defendants, WSP employees.  He generally alleges that, on September 5, 2008, the Defendants were deliberately

indifferent to his medical needs by denying him surgery for his hernia despite a physician's prior diagnosis.  (Docs. 1, 5, 6).  Inmate Snell neither names the defendants specifically nor indicates exactly what actions they committed.  (Id.).  He contends, however, that he is in constant pain.  (Doc. 1).  In his complaint, Inmate Snell admits that he did not appeal his grievance to the highest level possible in the prison system, rationalizing that the Warden turns down all appeals.  (Id. at 4).  He seeks injunctive relief, in the form of immediate surgery, and damages.  (Id. at 7).

**B.   The Prison Grievance Process**.

The Georgia Department of Corrections ("GDOC") has an informal and formal grievance process.  (Exh. A, Flemming's Aff.; Attach. 1, Standard Operating Procedure ("SOP") IIB05-0001 § VI).  Forms are available in all living units and, upon request, when an inmate is in isolation.  (Exh. A, Flemming's Aff. ¶ 6, Attach. 1, SOP IIB05-0001 § VI.B.4).  First, inmates are required to initiate grievances through the informal complaint process to attempt a resolution.  (Exh. A, Flemming's Aff. ¶ 7, Attach. 1, SOP IIB05-0001 § VI.B.1).  If the inmate is dissatisfied with this result, he may file a formal grievance.  (Id. at § VI.C.1).

During the formal grievance process, the Counselor is required to meet with the inmate and investigate the complaint, including interviewing witnesses and taking statements as necessary. (Exh. A Attach. 1, SOP IIB05-0001 § VI.C.7). The Counselor submits a report to the Grievance Coordinator. (Id. at § VI.C.8). After reviewing the report, the Grievance Coordinator makes a recommendation to the Warden. (Id. at § VI.C.9.) The Warden then responds to the inmate. (Id. at § VI.C.10 and 11). The inmate may accept the Warden's response or file an appeal. (Id. at § D.1). As a final step, appeals are reviewed by the Commissioner's Office. (Exh. A, Flemming's Aff. ¶ 7).

Glen Fleming, WSP's Grievance Coordinator, avers that Inmate Snell failed to complete the grievance process as to the deliberate indifference claim alleged in his complaint. (Exh. A, Flemming's Aff.). According to Ms. Flemming, Inmate Snell filed two medically related grievances while incarcerated at WSP, but none related to the denial of hernia surgery or were filed after December 2007. (Id. at ¶ 10).

**II. ARGUMENT AND CITATION OF AUTHORITY**

**A. INMATE SNELL FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES.**

In his complaint, Inmate Snell alleges that on September 8, 2008, the Defendants deliberately denied him necessary surgery for his hernia. (Docs. 1, 5, 6).

3

Instead of filing a grievance in accordance with WSP's grievance procedure, Inmate Snell filed this lawsuit 14 days thereafter, on September 19.  (Doc. 1).  Moreover, he acknowledges in the complaint that he has not exhausted his administrative remedies.

The Prison Litigation Reform Act ("PLRA") requires inmates to exhaust available administrative remedies prior to filing a lawsuit.  The PLRA mandates that no action shall be brought with respect to prison conditions under § 1983 by a prisoner until such administrative remedies as are available are exhausted.  See 42 U.S.C. § 1997e(a).  When a state provides a grievance procedure for its prisoners an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit.  Johnson v. Meadows, 418 F.3d 1152, 1156 (11th Cir. 2005).  Exhaustion is mandatory even where it is futile, Alexander v. Hawk, 159 F.3d 1321, 1323-24 (11th Cir. 1998), or where an inmate fears retaliation.  Garcia v. Glover, 197 Fed. Appx. 866, 868 (11th Cir. 2006).

The Supreme Court has recognized the PLRA's purpose in managing prisoner litigation and aiding in a reduction in the number of claims and improvement in the quality of prisoner suits.  The Court has noted that the exhaustion

4

requirement provides prison officials an opportunity to address the complaints before initiation of the suit and perform a corrective action to the inmate's grievance that might improve prison administration and possibly alleviate the need for litigation.  Porter v. Nussle, 534 U.S. 516 (2002).  Further, internal review filters frivolous claims and clarifies the controversy in actual claims brought before the Court.  (Id.).

The Eleventh Circuit Court of Appeals has expressly held that exhaustion should be decided on a Rule 12(b) motion to dismiss.  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008).  The Court explained, although motions to dismiss for failure to exhaust are not expressly mentioned in Rule 12(b), federal courts traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules.  Id. at 1375.  When a court treats a motion as having been brought under Rule 12(b), then it is subject to the rules and practices applicable to the most analogous Rule 12(b) motion.  Id. at 1376.  The Eleventh Circuit concluded that exhaustion is like jurisdiction, venue, and service of process and is to be treated as a matter in abatement and not an adjudication on the merits.  Id. at 1374.

5

In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the Eleventh Circuit has held that the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1376-77. Therefore, it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record. Id.

To exhaust administrative remedies in accordance with the PLRA, prisoners must "properly take each step in the administrative process." Johnson v. Meadows, 418 F.3d at 1158. A prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id.

Deciding a motion to dismiss is a two-step process. Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008). First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. (Id.). If the complaint is not subject to dismissal at the first step, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. Bryant, 530 F.3d at 1373-74, 1376; Turner, 541

F.3d at 1083. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies. Turner, 541 F.3d at 1083. The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Jones v. Bock, 549 U.S. 199 (2007). Because Inmate Snell alleges in his complaint that he failed to exhaust his administrative remedies, as he acknowledges that he did not appeal the grievance, (doc. 1 at 4), this alone is sufficient grounds for dismissal. Nevertheless, Defendants move for dismissal with the supporting affidavit of Ms. Flemming, WSP's Grievance Coordinator.

### **Inmate Snell failed to grieve the deliberate indifference claim alleged in his complaint**.

Inmate Snell alleged in his complaint that on September 5, 2008, the Defendants deliberately denied him necessary hernia surgery. (Docs. 1, 5, 6). A review of his grievance history, however, reveals that no medical grievances were filed within a reasonable time before or after September 5, regarding this specific claim. (Exh. A, Flemming's Aff.). He did, however, file two unrelated medical grievances, one regarding blood pressure and another, in December 2007, complaining that Dr. Taylor and

7

a nurse improperly noted his medical condition as normal and failed to detect his hernia during an annual physical examination.  (Id. at ¶ 11).

Inmate Snell filed his complaint on September 19, 14 days after he alleged that the Defendants violated his constitutional rights.  (Doc. 1).  Moreover, Inmate Snell specifically acknowledged in his Complaint that he failed to exhaust his administrative remedies.  (Id. at 4).  Accordingly, Inmate Snell failed to grieve the actual issue that he raised in his complaint in the administrative process.  By doing so, he failed to allow prison officials an opportunity to resolve whether the Defendants refused or denied him treatment for his hernia, as is required by the PLRA's mandatory exhaustion provision.  Because Inmate Snell failed to exhaust his administrative remedies prior to filing this action, this case must be dismissed.

**B.    INMATE SNELL'S CLAIMS AGAINST THE DEFENDANTS ARE DUE TO BE DISMISSED, AS THEY ARE BASED ON VICARIOUS LIABILITY.**

Inmate Snell failed to present any facts to support that the Defendants are individually responsible for any violation of his constitutional rights.  (See doc. 1).  His claims merely allege that somehow the Defendants were deliberately indifferent to his need for surgery for a hernia.  In the allegations of his complaint, Inmate Snell

8

does not specify one act, unconstitutional or otherwise, committed by Defendants Warden Roberts, Mickens, Taylor, or Dr. Rogers. (See generally doc. 1). Inmate Snell appears to allege that because of their official job titles and employment status with WSP, they are responsible for the alleged deprivation of his constitutional rights.

A § 1983 claim cannot be based upon vicarious liability. Brown v. Smith, 813 F.2d 1187 (11th Cir. 1987). Without some degree of personal participation in the alleged deprivation of a plaintiff's rights by the defendant in a § 1983 suit, no liability exists. Zatler v. Wainwright, 802 F.2d 397 (11th Cir. 1986). There must be an affirmative link between the defendant's actions and the alleged constitutional deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). A review of Inmate Snell's complaint does not reveal one statement that establishes an affirmative link between the defendant's actions, as they are unspecified, and the alleged constitutional violations.

The Eleventh Circuit has consistently rejected vicarious liability when there is insufficient evidence to establish a history of widespread abuse. See Wilson v. Attaway, 757 F.2d 1227, 1242 (11th Cir. 1985) (concluding that one prior incident in which the chief of police

9

allegedly pushed and threatened a citizen was insufficient to establish a history of abuse "so flagrant and outrageous that it [led] to an inference of failure by the mayor to supervise"); Clark v. Evans, 840 F.2d 885 (11th Cir. 1988) (holding that four instances in which committal orders had been ignored was insufficient evidence to establish widespread abuse which would have put the GDOC Commissioner on notice).

Here, Inmate Snell has not presented any specific conduct by the Defendants that caused any constitutional violations.  Thus, Inmate Snell's claims against them do not rise to the level of a constitutional violation. Further, Inmate Snell failed to describe even one instance that would have caused the Defendants to be placed on notice of any alleged constitutional violations. Accordingly, this Court must dismiss Inmate Snell's claims against the Defendants for failure to state a claim.

C.   **DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

Qualified immunity protects governmental defendants sued in their individual capacities so long as their conduct "'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002).  The purpose of this immunity is to allow

government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law.  Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). Qualified immunity is decided as a matter of law and is effectively lost if a case is erroneously permitted to go to trial.  Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). The Rule 12(b)(6) and qualified immunity defenses are intertwined.  Wooten v. Campbell, 49 F.3d 696, 699 (11th Cir. 1995).

    The Eleventh Circuit has established a three-pronged analysis for reviewing qualified immunity arguments. First, the public official must prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.  Vinyard, 311 F.3d at 1346.  Then, the burden shifts to the plaintiff to show that immunity is inappropriate.  Id.  The Court must determine whether the allegations, if true, establish a constitutional violation.  Hope v. Pelzer, 536 U.S. 730, 736 (2002).  Then the Court must evaluate if the right was clearly established.  Id. at 739.

### 1. **The Defendants were within their discretionary authority**.

A government official proves that he acted within his discretionary authority by showing objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.  Rich v. Dollar, 841 F.2d 1558, 1564 (11th Cir. 1988).  Here, it is undisputed that the Defendants were acting in their discretionary capacities as WSP employees.  Thus, the Defendants have satisfied the first requirement of the immunity analysis.

### 2. **The allegations do not state a constitutional violation**.

In determining qualified immunity, the Court must decide whether Plaintiff's allegations, even if accepted as true, state a claim for violation of any rights secured under federal law or the United States Constitution. Siegert v. Gilley, 500 U.S. 226, 232, (1991).  In order to state a § 1983 cause of action, a plaintiff must prove, inter alia, that the conduct deprived him of rights or privileges secured by the U.S. Constitution or laws. Parratt, 451 U.S. at 535.  A Plaintiff must show violations of constitutionally protected liberty or property interests and deliberate indifference to constitutional rights. Rivas v. Freeman, 940 F.2d 1491, 1496 (11th Cir. 1991).

As previously argued, Inmate Snell's claims alleged in his complaint cannot justify a finding of liability. First, he failed to exhaust his administrative remedies. In fact, he concedes this fact in his complaint. (Doc. 1 at 4; Exh. A, Flemming's Aff.). Further, his claims are based on vicarious liability. Thus, Inmate Snell has failed to state a constitutional violation.

### 3. **No clearly established law was violated**.

Assuming arguendo, that Inmate Snell can establish a constitutional injury, Defendants are still entitled to qualified immunity because they did not violate clearly established law. The law provides that state officials are immune from suit for discretionary acts performed in good faith while acting within the scope of their authority unless their conduct violates a "clearly established statutory or constitutional right of which a reasonable person would have known." Harlow, 457 U.S. at 818. A state actor needs only "fair warning" that his conduct deprived his victim of a constitutional right. Hope, 536 U.S. at 741. Liability only attaches if "the contours of the right [violated are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." United States v. Lanier, 520 U.S. 259, 270 (1997).

Because Inmate Snell has not sufficiently alleged a violation of any constitutional right, likewise he has failed to allege the violation of a "clearly established" right.  Therefore, liability does not attach to Defendants.  Accordingly, this Court should dismiss Inmate Snell's claims against them based on qualified immunity.

### III.  CONCLUSION

Based on the foregoing, the Defendants request that this Court grant their motion to dismiss in its entirety.

Respectfully submitted this 21st day of January, 2009.

> THURBERT E. BAKER  033887
> Attorney General
>
> KATHLEEN M. PACIOUS  558555
> Deputy Attorney General
>
>
> /s/ DEVON ORLAND
> DEVON ORLAND          554301
> Senior Assistant Attorney General
>
> /s/ LARONICA K. LIGHTFOOT
> LARONICA K. LIGHTFOOT    435193
> Assistant Attorney General

Please Address All Communications To:
LARONICA K. LIGHTFOOT
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3370
Facsimile:  (404) 651-6920
E-mail: llightfoot@law.ga.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2009, I electronically filed DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

    none

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Charles Edward Snell
GDC382847
WASHINGTON STATE PRISON
PO BOX 206
DAVISBORO, GA 31018
PRO SE

                                       /s/LaRonica K. Lightfoot_____
                                       Assistant Attorney General

State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone:  (404) 656-3370
Facsimile:  (404) 651-6920
E-mail: llightfoot@law.ga.gov