IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CHARLES EDWARD SNELL ,<br><br>                  Plaintiff<br>    VS.<br><br>STEVE ROBERTS, *et al.*,<br><br>                  Defendants | NO.  5:08-CV-311 (HL)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff Charles Edward Snell filed the instant complaint under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his serious medical needs. Tab #1.  The particular medical need at issue is the plaintiff's alleged need for hernia surgery.  In response to the complaint, the defendants have filed a motion seeking dismissal.  Tab #22.  Therein, the defendants contend that this action should be dismissed because, *inter alia*, plaintiff Snell has failed to exhaust his administrative remedies.

**LEGAL STANDARDS**

MOTIONS TO DISMISS

A complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6), if it does not "state a claim upon which relief can be granted."  When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all factual allegations in the complaint must be accepted as true, with all reasonable inferences construed in the light most favorable to the plaintiff.  *Wagner v. Daewoo Heavy Industries America Corp*., 289 F.3d 1268, 1270 (11th Cir. 2002), *vacated on other grounds*, 298 F.3d 1228 (11th Cir. 2002); *See also*, *Beck v. Deloitte & Touche*, 144 F. 3d 732, 735 (11th Cir. 1988). Conclusory allegations and unwarranted deductions of fact, however, are not admitted as true. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005).  Moreover, "[a] complaint is subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim."  *Marsh v. Butler County, Alabama*, 268 F. 3d 1014, 1022 (11th Cir. 2001) (*en banc*) (citing *Quiller v. Barclays American/Credit, Inc.*, 727 F. 2d 1067, 1069 (11th Cir. 1984) *vacated on petition for rehearing*, *reinstated by* 764 F. 2d 1400 (11th Cir. 1985)).

EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act of 1995 ("PLRA") mandates that before an incarcerated plaintiff can bring any action under Section 1983, he must exhaust all of the available administrative remedies available to him. 42 U.S.C. §1997e(a). The Eleventh Circuit has also made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

## DISCUSSION

As indicated above, the defendants have raised the affirmative defense of failure to exhaust administrative remedies. In support of this argument, they first note the plaintiff's admission that he had not exhausted his administrative remedies as to the instant claim. Tab #1, p4. On the part of the form where plaintiffs are asked, if applicable, to explain why they had not appealed a grievance to the highest level, plaintiff Snell wrote "because all appeals always be turned down by warden." In addition to pointing out the plaintiff's admission that he failed to exhaust his administrative remedies, the defendants submitted the affidavit of Glenn Fleming, Chief Counselor and Grievance Coordinator for Washington State Prison. In the affidavit, Fleming states that while the plaintiff has filed six formal grievances while incarcerated at Washington State Prison, only two were medical related. According to Fleming, of the two medical related grievances, neither involved a complaint about being denied hernia surgery. Consequently, Fleming avers that insofar as the prison's grievance system is concerned, the plaintiff has not yet exhausted his administrative remedies as to any of the defendants.

In response to the defendants' motion, plaintiff Snell submitted a lengthy motion and brief in support wherein he argues, *inter alia*, that exhaustion of administrative remedies prior to filing suit in federal court is not required by the constitution and, as such, should not be required in this case. In support of this contention, Snell cites to a number of cases from the Second Circuit and the United States Supreme Court. For the most part, the cited cases date from 1960 to 1976, long before the passage of the AEDPA. In addition, of those cases which have not been superseded by the provisions of the AEDPA, they stand for the proposition that where there are no administrative remedies available, exhaustion is not required.

In light of the foregoing, the undersigned concludes that plaintiff Snell has failed to exhaust his available administrative remedies prior to filing the instant action. Accordingly, this case is not properly before this court and must be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 30th day of JUNE, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE